## Sallie Odom et al., Appellees, v. Joe Norwodowski et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Two actions by Sallie Odom and Dennis Odom and the other children of Sallie Odom, plaintiffs, against Joe Norwodowski, Antone Statkewice, Barney Ton-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

azzi, Louis Maroni, Joe Baretti, Anton Phrancabbagge, Peter Rankle, James Moudy, W. H. Williams and Albert Barney, defendants, for damages for loss of support by the husband and father, alleged to be due to the sale to him of intoxicating liquors by defendants, and consequent insanity. The two cases were tried together under the same evidence and separate verdicts and judgments rendered for $500 in favor of the wife and $700 in favor of the children, from which judgments defendants appeal.

J. W. Templeman and W. O. Potter, for appellants.

G. A. Hickman and F. M. Guinn, for appellees.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Intoxicating liquors, § 227*—*when shown that sale of liquor was made by defendant saloon keepers to father and husband of respective plaintiffs.* In an action against several saloon keepers to recover damages for loss of support due to the sale of intoxicating liquors by defendants to the husband and father of the respective plaintiffs, and consequent insanity, evidence *held* sufficient to sustain a finding that the husband and father purchased liquors at the respective places of defendants.

2. Intoxicating liquors, § 249*—*when instruction on effect of husband and father of respective plaintiffs getting intoxicated prior to time charged in declaration is not erroneous.* In an action against several saloon keepers to recover damages for loss of support due to the sale of intoxicating liquors by defendants to the husband and father of the respective plaintiffs, and consequent insanity, an instruction, referring to the intoxication of the husband prior to the date charged in the declaration as that from which his habitual intoxication began, that even though he was in the habit of becoming intoxicated prior to that date, still if defendants sold him intoxicating liquors and caused him to remain habitually intoxicated and in consequence thereof he squandered

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his money as charged in the declaration, that they would still be liable, was not erroneous where defendants attempted to show that he had been in the habit of getting intoxicated prior to such specified time.

3. INTOXICATING LIQUORS, § 249*—*how instructions construed as to liability of saloon keepers for loss of support by husband and father of plaintiffs.* In an action against several saloon keepers to recover damages for loss of support due to the sale of intoxicating liquors by defendants to the husband and father of plaintiffs, and his consequent insanity, instructions examined as a series and construed as being to the effect that if defendants had sold intoxicating liquors to the husband to such an extent as to cause him to become habitually intoxicated and to cause him to become insane, by reason of which he was not able to support his family, that then plaintiffs would be entitled to recover for the loss of their means of support.

4. INTOXICATING LIQUORS, § 250*—*when instruction on damages for loss of support of husband and father due to sale of is proper.* In an action against several saloon keepers to recover damages for loss of support due to the sale of intoxicating liquors by defendants to the husband and father of plaintiffs, and his consequent insanity, an instruction is properly given that if the jury believed from the evidence that the husband was an habitual drunkard, and the defendants, knowing him to be such, sold and gave him intoxicating liquors and caused him to remain habitually intoxicated, then such sales would be regarded in law as wilfully and wantonly made and would authorize the jury, in their sound discretion, to award plaintiffs exemplary damages in addition to actual damages, if any such damages had been proven.

5. INTOXICATING LIQUORS, § 208*—*when complaint and order summoning commissioners to inquire into sanity of person addicted to use of are inadmissible.* In an action against several saloon keepers to recover damages for loss of support due to the sale of intoxicating liquors by defendants to the father and husband of the respective ·plaintiffs, and his consequent insanity, the complaint whereby the husband was committed to the insane asylum and the order of the court directing the summoning of a commission to examine the husband as to insanity were inadmissible.

6. APPEAL AND ERROR, § 1489*—*when erroneous admission of evidence is harmless error.* The erroneous admission of improper evidence is harmless error where the facts sought to be proved are otherwise established.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.